# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| MARK D. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:18-CV-725 PLC |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's counsel's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b). [ ECF No. 37] Defendant Andrew Saul has no objection to the request for an award of attorney fees. [ECF No. 38] Based on the following, the Court grants Plaintiff's motion.

In May 2018, Plaintiff filed this action for judicial review of Defendant's final decision denying Plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. [ECF No. 1] In May 2020, the Court issued a Memorandum and Order and Judgment in favor of Plaintiff pursuant to sentence four of 42 U.S.C. § 405(g). [ECF Nos. 32 & 33]

Plaintiff filed a request for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA) in June 2020, and Defendant stated that he had no objection. [ECF Nos. 34 & 35] The Court awarded Plaintiff's counsel the requested amount of $6,253.20, subject to offset, for 32.4 hours of attorney work. [ECF No. 36] Plaintiff's counsel states that the United States Treasury Department seized the entire EAJA fee to offset Plaintiff's child support debt. [ECF No. 37]

After remand, the Social Security Administration (SSA) found that Plaintiff was disabled as of November 2011, entitling him to approximately $97,000 in past due disability benefits, as well as monthly disability benefits and Medicare. [Id., citing ECF No. 37-3] The SSA withheld twenty-five percent, or $24,268.50, from Plaintiff's past due benefits for attorney fees. [ECF No. 37-3]

In her petition for attorney fees pursuant to 42 U.S.C. 406(b), Plaintiff's counsel states that she has not received any payment for her successful representation of Plaintiff and requests fifteen percent of Plaintiff's past due benefits, or $14,550.00, for 32.4 hours of work. [ECF No. 37]  In support of her petition, Plaintiff's counsel submits the SSA's Notice of Award, Plaintiff's fee agreement, and an itemization of the legal services provided in connection with Plaintiff's claim. [ECF Nos. 37-1, 37-2, 37-3]

Section 406(b) of the Social Security Act governs fees for representation of Social Security claimants in court. Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002) (citing 20 C.F.R. § 404.1728(a)). Under section 406(b), "a court may allow 'a reasonable fee … not in excess of 25 percent of the … past-due benefits' awarded to the claimant." Id. at 795 (quoting 42 U.S.C. 406(b)(1)(A)). "[F]ees awarded under 42 U.S.C. § 406(b), part of the Social Security Act, are paid from the claimant's past-due benefits," whereas "fees awarded under the EAJA are paid by the Social Security Administration." Bear v. Astrue, 544 F.Supp.2d 881, 883 (D. Neb. 2008).

Plaintiff's counsel acknowledges that $14,550.00 for 32.4 hours of work, or $449.00 per hour, is greater than her usual hourly rate. [ECF No. 37]  Plaintiff's counsel explains that, while she generally charges "approximately $300 per hour, up front, for a guaranteed attorney fee," in this case, an hourly rate of $449 is reasonable because "she would necessarily charge considerably more if she had to assume the risk of not being paid, as in this case." [ECF No. 37]  Plaintiff's

counsel further states that the risk of not being paid was particularly high in this case because "Plaintiff filed his application for DIB more than two years after his date last insured expired, Plaintiff is a younger individual and he had some treatment issues prior to his date last insured." [Id.]

In response to the petition for attorney fees, Defendant agrees that the requested amount of $14,550.00 "is reasonable and no more than 25% of Plaintiff's back-due benefits[.]" [ECF No. 38] Defendant states that he "has no objection to an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $14,550.00."

After reviewing the record in this case, the Court finds that the Section 406(b) fee request is reasonable. Plaintiff's counsel requests less than the statutory limit of twenty-five percent of total past-due benefits. The Court will therefore award Plaintiff's counsel attorney fees under Section 406(b) in the amount of $14,550.00, representing 15% of Plaintiff's past due benefits.

After careful consideration,

**IT IS HEREBY ORDERED** that Plaintiff's petition for award of attorney fees [ECF No. 37] is **GRANTED**.

**IT IS FURTHER** ORDERED that Plaintiff's counsel is awarded $14,550.00 in attorney fees pursuant to 42 U.S.C. § 406(b), which shall be paid from the twenty-five percent of Plaintiff's past-due benefits that is being held by the SSA for direct payment to counsel of an authorized attorney fee.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of June, 2021